# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EDGEWELL PERSONAL CARE BRANDS, LLC and INTERNATIONAL REFILLS COMPANY, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MUNCHKIN, INC., <br><br> Defendant. <br><br><br> MUNCHKIN, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> EDGEWELL PERSONAL CARE BRANDS, LLC and INTERNATIONAL REFILLS COMPANY, LTD., <br><br> Counter-Defendants. | Case No. 2-18-CV-03005-PSG-JPR <br><br> **PROTECTIVE ORDER** |

This Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information and things exchanged by the parties in this action. Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the prosecution, defense or resolution of this litigation is warranted. The Protective Order does not confer blanket protections on all disclosures, productions or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

It is ORDERED as follows:

1. This Order shall govern:

   (a) all testimony at depositions and discovery-related proceedings. The parties must seek a separate order from the District Judge at the appropriate time governing the use of confidential material at trial.

   (b) all documents, information, materials or things produced by any party or third-party in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

   (c) all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, information, materials, or other things.

The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2. Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the

terms of this Protective Order. Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL will be referred to as "Designated Materials." Any third-party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials pursuant to this Protective Order only if an authorized representative of the producing third-party executes a written acknowledgment, substantially in the form of Exhibit 1 annexed to this Protective Order, that the non-party has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that third-party's designations under the Protective Order. All designations must be made in good faith and on reasonable belief that the designation accurately reflects the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials.

    (a)    Materials marked "CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of a file, transcribed testimony, or other material that the party making the designation (the "Designating Party") in good faith reasonably believes to constitute or relate to sensitive business or commercial information of the Designating Party that is not publicly available and the disclosure of which to persons other than those set forth below would create a risk of competitive harm.

    (b)    Materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of a file, transcribed testimony, or other material that the Designating Party in good faith reasonably believes to constitute or relate to highly sensitive business or commercial information (including, but not limited to, trade secrets, financial information relating to pricing, revenues, and costs, and documents related to design and development of products, among others) of the Designating Party that is not publicly available and the disclosure of which to persons other than those set forth below would create a substantial risk of serious competitive harm. Discovery Materials may only be designated HIGHLY CONFIDENTIAL if the Designating

Party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

(c) All Discovery Materials made available for inspection, and the information contained therein, shall be treated as "HIGHLY CONFIDENTIAL" for 60 days, to allow the Designating Party sufficient opportunity to review such Discovery Materials and designate them as appropriate.

(d) Information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL if it is known to the public or was known to the recipient without obligation of confidentiality before the Designating Party disclosed it.

3. Information designated as "CONFIDENTIAL" ("Confidential Information") shall be used by the party receiving such information solely for purposes related to this litigation and may be disclosed only to the following persons:

(a) outside counsel for the respective parties, and employees and independent contractors engaged in work for such counsel to assist in this litigation, including but not limited to counsel of record in this litigation and counsel of record in the related litigation pending in Canadian Federal Court , T-15-16 *Angelcare Development Inc. et al. v. Munchkin, Inc. et al.*;

(b) in-house counsel for the respective parties;

(c) the parties' officers and employees directly involved in this litigation whose access to the information is reasonably required to supervise, manage, or participate in the case;

(d) experts or consultants and their staff retained for purposes of this litigation, provided that the expert or consultant first signs the Acknowledgement attached to this Protective Order as Exhibit 1 before being provided Confidential Information and otherwise complies with the requirements of paragraph 4(b) below;

(e) court reporters, stenographers, videographers, and any other persons preparing transcripts of depositions;

(f) the Court, Court personnel, and jurors or potential jurors;

(g) litigation support personnel retained by outside counsel to perform functions relating to this action such as photocopying, scanning, stenography, videography, imaging, translation/interpretation from one language to another, the preparation of graphics or demonstratives, and the processing and production of documents;

(h) mock jurors and/or trial or jury consultants engaged by either Party in preparation for trial, provided that (i) no Party will use any mock juror who is employed or affiliated with or who knows any person employed by or affiliated with any Party; (ii) the mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

(i) any other person upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, or at a hearing.

4. Information designated as "HIGHLY CONFIDENTIAL" ("Highly Confidential Information") shall be used by the party receiving such information solely for the purposes related to litigation between the parties and may be disclosed only to the following persons:

(a) outside counsel for the respective parties, and employees and independent contractors engaged in work for such counsel to assist in this litigation, including but not limited to counsel of record in this litigation and counsel of record in the related litigation pending in Canadian Federal Court, T-15-16 *Angelcare Development Inc. et al. v. Munchkin, Inc. et al.*);

(b) experts or consultants retained for purposes of this litigation, subject to the requirements of this subsection. The Receiving Party shall, prior to the disclosure of Designated Material to a consultant or expert, excluding trial or jury consultants, supply to the Designating Party a copy of the

Acknowledgement in Exhibit 1 executed by the consultant or expert, a current curriculum vitae or resume of the consultant or expert, a description of past and present activities, including publications, and a list of all non-confidential consulting engagements undertaken by the consultant or expert, as well as any cases in which he or she has offered testimony during the past four (4) years. If the Designating Party has good cause to object to the disclosure to the expert or consultant (which does not include challenging his or her qualifications or contemplated work), it shall be entitled to object to such disclosure to the consultant or expert in writing within five (5) business days after receipt of the Receiving Party's written notification, stating specifically the reasons why such consultant or expert should not receive the Designated Material. If the Parties are unable to resolve on their own a dispute concerning disclosure of Designated Material to a consultant or expert within ten (10) days after service of the objection, the Designating Party has the burden to apply to the Court, within ten (10) business days after an unsuccessful meet and confer for an Order that such disclosure is improper. No disclosure of the Designated Material shall be made to the consultant or expert until the Designating Party's time for serving objections has passed, or, in the event that the Designating Party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling. If the Designating Party fails to object to such disclosure or fails to raise the objection with the Court within the prescribed periods outlined above, the expert or consultant proposed shall be deemed approved, but that shall not preclude the Designating Party from later objecting to continued access by that expert or consultant where a new basis for objection is subsequently learned by the Designating Party;

    (c)    the author of the Highly Confidential Information and anyone shown as having received the Highly Confidential Information in the ordinary

course of business;

    (d) court reporters, stenographers, videographers, and any other persons preparing transcripts of depositions;

    (e) the Court, Court personnel, and jurors or potential jurors;

    (f) litigation support personnel retained by outside counsel to perform functions relating to this action such as photocopying, scanning, stenography, videography, imaging, translation/interpretation from one language to another, the preparation of graphics or demonstratives, and the processing and production of documents;

    (g) mock jurors and/or trial or jury consultants engaged by either Party in preparation for trial, provided that (i) no Party will use any mock juror who is employed or affiliated with or who knows any person employed by or affiliated with any Party; (ii) the mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

    (h) any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, hearing or trial.

5. Notwithstanding paragraphs 3 and 4 above, a Party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL information to (i) any employee of the Designating Party; (ii) former employees of the Designating Party, so long as they were employed by the Designating Party as of the date of the document or thing, and the Party has a reasonable belief that the employee was aware or had knowledge of the subject matter contained in the document or thing during their employment; or (iii) any person who authored or received the information in whole or in part, including as indicated on the face of the document or thing.

6. Persons who are authorized to review Designated Materials and are subject

to this order shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective Order. Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order.

7. The recipient of Designated Materials provided under this Order shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for purposes related to this lawsuit. All such copies, reproductions, summaries, extracts, and abstracts shall be subject to the terms of the Order, and labeled in the same manner as the Designated Materials on which they are based.

8. In the event a Party deems it necessary or appropriate to disclose any Materials designated as "CONFIDENTIAL" to any person not specified in paragraph 3, to disclose any Discovery Material designated as "HIGHLY CONFIDENTIAL" to any person not specified in paragraph 4 (the "Proposed Disclosure"), or to disclose any Discovery Material to any person who does not qualify under paragraph 5, that party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. In the event the Disclosing Party does not consent to the Proposed Disclosure within seven (7) days of receipt of the redesignation request, the party requesting the Proposed Disclosure may petition the Court for an order permitting the Proposed Disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph a written acknowledgement in the form of Exhibit 1 hereto, that such person or persons have reviewed a copy of this Protective Order, will comply with its terms in all respects and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person or persons have complied with

the terms of this Protective Order.

9. Disclosing parties shall designate Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

(a) In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing one of the following legends on every confidential or highly confidential page of any such document prior to production, as appropriate: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

(b) In the case of testimony provided during a deposition, transcripts or portions thereof shall be designated by the Designating Party either (i) on the record during the deposition or hearing or (ii) by written notice to the reporter and all counsel of record within twenty-one (21) days after the reporter notifies the Parties that the certified or final transcript is available for review. In either case, the final transcript shall be appropriately marked, as directed by the Designating Party. To the extent that only a portion of the transcript is designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials, the transcript of the "Designated Materials" shall be bound in one or more separate volumes marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate. If a portion of a deposition is designated as Designated Materials during the course of a deposition, counsel may request all persons, except persons entitled to receive Designated Materials pursuant to this Protective Order, to leave the room while the deposition is proceeding until completion of the answer or answers containing Designated Materials. Pending such designation by counsel, the entire transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL." If no designation is made within twenty-one (21) days after receipt of a certified or final transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

(c) Transcripts of depositions or documentation produced in the action

will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The parties shall use their best efforts to include Designated Materials in Court filings only when absolutely necessary, and shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Materials. If a motion to seal is pending, any materials filed under seal shall remain under seal and shall not be disclosed to any person other than Court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to the sealed materials until the Court has ruled on that motion. If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

(d) Any Designated Materials produced in a non-paper media (e.g. videotape, audiotape, computer disk, etc.) may be designated by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a party receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (a "Receiving Party") generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each confidential or highly confidential page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it is designated.

10. A Designating Party's inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such materials. If the Designating Party discovers that information should have been but was not appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"

the Designating Party must promptly notify all other Parties in writing in order to secure protection under this Order. Upon notification, the Receiving Party must make reasonable efforts to assure that the Designated Materials are treated in accordance with the updated designations by the Designating Party.

11. A party who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL may withdraw the designation by written notification to all other parties.

12. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time consistent with the court's scheduling order. In the event that any party to this litigation disagrees with such designation, such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis within ten (10) business days of notice of the disagreement unless a different time period is agreed upon by counsel. If the dispute has not been resolved within this time period, the party seeking to de-designate the information may within ten (10) business days initiate preparation of the joint stipulation pursuant to L.R. 37-2.2. Completion and filing of the joint stipulation shall be as set forth in L.R. 37-2.2. If the disputing party does not initiate preparation of the joint stipulation within that time, the objection shall be deemed waived and the information shall remain as designated by the Designating Party. The burden of proving that information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Designating Party. Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall retain their designation until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise.

13. In the event that any Designated Materials are used in any Court proceeding in connection with this litigation (other than trial), it shall not lose its

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. In the event the case proceeds to trial, a separate order must be entered by this Court governing the confidentiality of any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15. If Designated Materials are inadvertently disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. In the event any Receiving Party having possession, custody or control of any Discovery Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Discovery Materials, such Receiving Party shall notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order unless prohibited by law, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against such subpoena, process or order. The Receiving Party shall be entitled to comply with the subpoena or other process or order except to the extent the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

17. Producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any material designated

by another party or non-party actually contains or reflects confidential information;

(b) reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or subject to a claim of privilege and thus immune from discovery;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Protective Order;

(d) prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; and/or

(e) prevent the parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties. Any such alteration will not have the force or effect of a court order.

18. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order.

19. Nothing contained herein shall preclude a producing entity or person from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

20. After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other Order of this Court. The Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.

21. All Designated Material subject to this Protective Order shall be returned to the Designating Parties upon termination of this action or destroyed. Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance. Counsel for the Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify counsel for the Designating Party of the failure to retrieve any such information.

Such information shall include descriptive detail of any document not returned or destroyed. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of (a) pleadings, motions, and memoranda filed with the Court; and (b) deposition, hearing and trial transcripts and exhibits, provided, however, that such counsel may not disclose retained materials that contain Designated Materials to any unauthorized person and shall keep such retained materials in a manner reflecting their confidential nature.

SO ORDERED:

DATED: January 29, 2019

Honorable Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT 1
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of EDGEWELL PERSONAL CARE BRANDS, LLC and INTERNATIONAL REFILLS COMPANY, LTD. v. MUNCHKIN, INC., Case No. 2-18-CV-03005-PSG-JPR. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date:_____

Signature:_____