UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#397 (2/24 HRG OFF)

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court DENIES Defendant's Motion for Attorney Fees**

      In January 2016, Plaintiffs Edgewell Personal Care Brands, LLC and International Refills Company, Ltd ("Plaintiffs") sued Defendant Munchkin Inc ("Defendant") for patent infringement. *See Complaint*, Dkt. # 1 ("*Compl.*"); *see also First Amended Complaint*, Dkt. # 36 ( "*FAC*"). Plaintiffs alleged that Defendant infringes U.S. Patent No. 6,974,029 ("the '029 Patent") and U.S. Patent No. 8,899,420 ("the '420 Patent") (collectively, "Asserted Patents"). *See generally FAC*. In October 2019, the Court granted-in-part Defendant's motion for summary judgment on the basis that Plaintiffs had not submitted evidence to show that, under a proper interpretation of the claims, they could prove infringement of the asserted claims of the Asserted Patents. Dkt. # 397 ("*Summary Judgment Order*"). Final Judgment was entered in the case on November 4, 2019. Dkt. # 394.

      Before the Court is Defendant's motion for attorneys' fees. Dkt. # 397, 400 (amended memorandum in support of motion) ("*Mot.*"); *see also* Dkt. # 399 (notice of errata submitted with respect to amended memorandum in support of motion). Plaintiffs timely filed an opposition to the motion. Dkt. # 409 (public version), 413 (sealed version) ("*Opp.*"). Defendant has filed a reply. Dkt. # 414 ("*Reply*").

      Having considered the papers, the Court **VACATES** the hearing set for February 24, 2020. *See* C.D. Cal. L.R. 7-15. After considering the arguments presented, the Court **DENIES** Defendant's motion.

I.     Background

      Plaintiffs filed this lawsuit on January 21, 2016 in the District of Connecticut. *Compl.* The matter was briefly stayed pending the Patent Trial and Appeal Board's ("PTAB") review

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

of an *inter partes review* ("IPR") petition filed by Defendant against the '420 Patent. Dkt. # 32. After the stay was lifted, Defendant filed a motion to transfer the case to the Central District of California, which was granted. Dkt. # 75. This Court entered a Scheduling Order in August 2018. Dkt. # 129.

The parties engaged in claim construction proceedings, and a claim construction hearing was held in January 2019. Dkt. # 148. A claim construction order was issued that construed certain disputed terms. Dkt. # 149 ("*Markman Order*"). In relevant part, the Court construed the term "a tear-off outwardly projecting section" in the '029 Patent as "a section initially formed as part of the same structure as the rest of the annular cover, which can be torn off from the rest of the annular cover." *Id.* 9.

The Court also construed the term "clearance" in the '420 Patent. *Id.* 24. The Court's construction of "clearance" did not adopt either parties' full proposal for the term. *See id.* 18 (listing Plaintiffs' proposed construction as "a portion of the central opening of the annular receptacle that is complementary to a corresponding structure of the pail" and Defendant's proposed construction as "ordinary meaning/defined in the claim(s)."). Instead, the Court construed the term as "a space within the annular receptacle that is configured to prevent interference between the annular wall and another structure." *Id.* 24. The majority of the Court's analysis focused on the parties' dispute over whether the claimed "clearance" represented a space or a structure. In reaching the determination that the claims were referring to a space, the claim construction order stated:

> Although a close call given the many ambiguous aspects of the record, the Court is ultimately persuaded that the weight of the intrinsic record supports Plaintiffs' interpretation of the term "clearance," to the extent Plaintiffs argue that a "clearance" is non-structural space. Plaintiffs' argument that the "clearance" is "a portion of the central opening," however, faces some inconsistencies compared to the record. For instance, Claim 11 refers to the clearance "opening into" the central opening. The Court also notes that the term "pail" does not appear in the '420 Patent claims. Plaintiffs' proposed construction would also be inappropriate because it introduces this wholly new term without sufficient context or definition. Thus, rather than adopt Plaintiffs' proposed construction, the Court construes the term "clearance" as "a space within the annular receptacle that is configured to prevent interference between the annular wall and another structure." Other explicit language defines the scope of the term "clearance" in the claims, particularly its relationship to the neighboring annular wall, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

> Court finds it unnecessary to repeat that language or otherwise characterize the clearance in a construction that goes beyond the claim language.

*Id.* 24.

The parties proceeded through discovery and subsequently to file summary judgment briefs. Defendant filed a motion for summary judgment of noninfringement, which was fully briefed. In briefing, the parties agreed that Plaintiffs had dropped their claims that the accused products literally infringed the '029 Patent. Dkt. # 392 ("*MSJ Order*") 6. Instead, after the claim construction order issued, Plaintiffs solely presented a theory of infringement under the doctrine of equivalents for that patent. As to the '420 Patent, the parties continued to dispute the meaning of the term "clearance" as construed by the Court. Plaintiffs argued that a "clearance" as claimed existed in the accused products because the accused products included a design that permitted a complementary fit between the walls of an inserted cassette and the walls of the touching, annular chamber of the device.

The Court issued a summary judgment order finding noninfringement of both Asserted Patents. *See generally MSJ Order*. Regarding the '029 Patent, the summary judgment order found that Plaintiffs' doctrine of equivalents theory of patent infringement would vitiate the "tear-off section" limitation of the claims, including as interpreted by the claim construction order. *Id.* 8 ("The claims themselves, particularly as construed by the Court, specifically contemplate a certain relationship among cover components ('sections') that would be rendered meaningless under Plaintiffs' interpretation."). For the '420 Patent, the Court considered the parties' ongoing dispute regarding the meaning of the term "clearance" and found Plaintiffs' position for that term unpersuasive. The summary judgment order stated,

> [a]s the Court explained in the claim construction order, the purpose of the clearance is to create a space that *prevents* interference. *See Markman Order* 24. The "interfering member **70**," [of Figure 7 of the '420 Patent,] on the other hand, is specifically designed to interfere, *i.e.* fill the space between the cassette and annular wall . . . . By doing so, the interfering member **70** takes up the space that would otherwise exist to form a clearance.

*Id.* 12 (emphasis in original). In reaching this determination, the Court also rejected Plaintiffs' argument that the Court's interpretation of the claims would exclude preferred embodiments. *Id.* (noting Court's understanding that the "pair of interfering members **70**" shown in Figure 7 "do not extend around the entire periphery of the cassette and/or annular wall . . . . Plaintiffs do not identify any evidence that the clearance ceases to exist for the remaining annular wall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

periphery."). Under the appropriate interpretation of the term "clearance," the Court found that Plaintiffs had failed to submit evidence to show that there could be literal infringement of the asserted claims of the '420 Patent. *Id.* 13.

Final judgment was subsequently entered, and Defendant's motion for attorneys' fees under 35 U.S.C. § 285 followed.

II. Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g., United States v. Standard Oil Co. of Cal.,* 603 F.2d 100, 103 (9th Cir. 1979).

Under § 285 of the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "The party seeking fees must prove that the case is exceptional by a preponderance of the evidence, and the district court makes the exceptional case determination on a case-by-case basis considering the totality of the circumstances." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1310 (Fed. Cir. 2019) (citing *Octane*, 572 U.S. at 554, 557).

III. Discussion

Defendant seeks its attorneys' fees incurred in this case after the claim construction order issued. Defendant does not necessarily argue that Plaintiffs litigated the case in an unreasonable manner. Instead, Defendant's arguments focus on an alleged lack of substantive strength of Plaintiffs' litigating position after the claim construction order issued. Defendant argues that once the Court reached determinations regarding the scope of the claims in the claim construction order, Plaintiffs' infringement theories became objectively baseless. *See Mot.* 1:12–22. Plaintiffs do not challenge that Defendant is the prevailing party for purposes of attorneys' fees analysis. Instead, Plaintiffs argue that their conduct in proceeding with their patent infringement theories after the Court's claim construction order issued was not exceptional.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

After the claim construction order, Plaintiffs did demonstrate a reassessment of their case with respect to the '029 Patent. In particular, Plaintiffs dropped their claim of literal infringement and proceeded solely with an argument of infringement of certain claim limitations under the doctrine of equivalents. Although the Court ultimately found Plaintiffs' doctrine of equivalents theory legally insufficient on the basis that it would lead to claim limitation vitiation, the Court is not persuaded that Plaintiffs' arguments and decision to proceed forward solely with a doctrine of equivalents infringement theory was so exceptional as to warrant fees.

Regarding the '420 Patent, the claim construction order was itself clear. It adopted a construction for the term "clearance" similar to the analysis provided by the PTAB in finding that the claimed clearance "is configured to prevent interference between the annular wall and another structure." Nothing in the summary judgment order departed from this analysis. Plaintiffs' continuing mischaracterizations of the Court's determinations, even in their opposition to Defendant's motion for fees, could suggest that Plaintiffs are selectively reading those determinations in an unreasonable manner. *See Opp.* 14:1–6 (arguing that the Court's summary judgment analysis regarding the term "clearance" excluded disclosed embodiments in the patent specification); *see also Reply* 10 n.10 (observing this mischaracterization and identifying the portions of the Court's summary judgment order to the contrary). However, in finding that the term "clearance" referred to a "space," not a structure, the claim construction order did acknowledge that this portion of its determination aligned with Plaintiffs' proposed construction. The claim construction order also did not directly address the portion of Plaintiffs' proposed construction stating, "***that is complementary to a corresponding structure*** of the pail." Indeed, although cursorily mentioned in Plaintiffs' opening claim construction brief, what Plaintiffs meant by this proposal was not discussed in any amount of detail at the claim construction stage. *See* Dkt. # 134 at 21:11–18 (stating, "[r]egardless of the shape, in every embodiment, the clearance is shaped complementary to a corresponding structure of the pail" and citing disclosure in patent specification regarding Figure 7). On such a record, although it appears Plaintiffs misread the Court's construction for the term "clearance," the Court does not find that Plaintiffs did so in a manner that rendered their conduct exceptional or warranting of fees.

Because the Court finds that fees are not warranted on either of the bases raised by Defendant, Plaintiffs' request in their opposition that a determination on fees be deferred until after the parties' appeal on the merits is resolved is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 18-3005 PSG (JPRx) | Date | February 19, 2020 |
|---|---|---|---|
| Title | Edgewell Personal Care Brands, LLC et al v. Munchkin, Inc. | | |

IV. <u>Conclusion</u>

The Court **DENIES** Defendant's motion for fees.

**IT IS SO ORDERED.**